UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| YOLANDA RENE MOSLEY-RIDLEY, ) | Case Number 14-60323 |
| ) | |
| Debtor. ) | |
| ) | |
| JUDY A. ROBBINS, ) | |
| United States Trustee For Region Four, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| YOLANDA RENE MOSLEY-RIDLEY ) | |
| and ) | |
| MILLER LAW GROUP, P.C., ) | |
| ) | |
| Respondents. ) | |

**MOTION FOR REVIEW OF ATTORNEY'S FEES**

Judy A. Robbins, United States Trustee for Region Four, by counsel, moves the Court pursuant to §§ 105 and 329(b) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Fed. R. Bankr. P. 2017 to review the fee charged by the Debtor's counsel, Miller Law Group, P.C. ("Miller Law"), and in support of this motion, the United States Trustee respectfully states as follows:

1. Upon information and belief, Miller Law received a fee of $1,500.00 in this case.

2. The Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 21, 2014.

3. The § 341 Meeting of Creditors was held on March 21, 2014. The deadline to object to the Debtor's discharge was May 20, 2014. No objections were filed and the Debtor was discharged on May 21, 2014.

4.      In return for the fee paid to it, Miller Law agreed to, among other things, prepare "any petition, schedules, statement of affairs . . . which may be required" (Fee Disclosure at ¶ 5(b)).

5.      Miller Law prepared and filed on behalf of the Debtor certain documents which the United States Trustee contends are deficient including the Schedule A ("Real Property") that failed to accurately disclose the value of the Debtor's real estate.

6.      Miller Law knew and/or should have known that the value attributed on Schedule A to the Debtor's real estate was artificially low.

7.      William F. Schneider ("Mr. Schneider") serves as the chapter 7 trustee for this bankruptcy estate. To support the artificially low value and in an effort to induce the trustee to abandon the estate interest in the real estate, Miller Law procured and provided a Broker's Price Opinion ("BPO") from Claudia Johnson-Van Hoose of Better Homes and Garden/Real Estate III.

8.      After many months of trying to resolve this matter by allowing the Debtor to purchase the equity or otherwise arrange for the sale of the property, Mr. Schneider received the following e-mail from Alfred Wilson, a non-attorney professional with Miller Law:

> Mr. Schneider,
>
> Jackson came into the office and brought this case to my attention. I am so sorry if this matter has not been addressed. However, our position is based on our numbers and the mortgage claim that was filed in this case. Based on this information this case should pass the Chapter 7 test.
>
> First, our BPO asserts a value of $120,000 to $115,000 which is approximately $117,500. See the attached BPO. We also provided a table for your review of the comps that also outlines the value we are asserting. See the attached BPO Table. Another thing that we asked for you to consider is the problem with the water and we had a water test done which shows the water is highly acidic which will effect the value of the property as well. See the attached test results. Based on the water results and BPO we believe the property is more in line with a value of $115,000.

> Based on the $115,000 value the Chapter 7 Test would yield an exposed equity of $2,342.02. I know in the past I believe I have heard if you had exposed equity of less then $3,000 it was considered that such a small amount was not significant enough you to administer. We want to help try and get this resolved so please reply to Jackson and I and we will do our best. We hope however, you agree with our approach and allow the case to close.
> --
> Thank you,
> Alfred A. Wilson
> Manager, Bankruptcy Division

On June 29, 2015 at 12:27 p.m., Mr. Schneider responded to Mr. Wilson, Jackson Boylan, Esq. and Larry Miller, Esq.:

> Dear all,
>
> As I have stated many times before regarding this case, even if I accept your BPO figure of $117,500, with $98,000 of debt there is putative equity of $15,915.00 ($19,500.00 - $3585 claimed exempt). And that ignores the fact that after looking at the property my real estate professional believes it is worth at least $140,00.00.
>
> I have previously offered to let your client get an appraisal. If an appraisal confirmed that the property was worth less than $120,000 I would have abandoned it, but I was told that Ms. Mosely-Ridley was unwilling to pay for an appraisal.
>
> Please confirm that you want me to file a motion seeking authority to sell the property and set it for hearing.
>
> WFS

On June 29, 2015 at 3:26 p.m., Mr. Schneider added to his earlier communication:

> Also, I proposed listing the property for six months to see if we got an offer, and if not I would abandon, but that never happened either.

On Monday, July 27, 2015, Mr. Broylan accepted the trustee's offer to list the property for sale for a period of six months with the caveat that if an offer was made, it was likely that the case would be converted to chapter 13. Included within that e-mail was an earlier internal discussion between Messrs. Broylan and Wilson.

On June 30, 2015 at 9:26 a.m., Mr. Broylan wrote, "How do you want to handle this?"

On June 30, 2105 at 9:27 a.m., Mr. Wilson wrote in response:

> I spoke to her yesterday. We would like to get an appraiser but we don't think we can get one that would agree to or give us a $120,000 value. To list the house this time of the year would be the worst time because I am sure she would get an offer during this time of season. So, we talked about her converting to a chapter 13 3 year plan.

9. Attorneys have an obligation to demonstrate candor toward the tribunal and to be truthful with others during the course of the representation of their clients. Rules 3.3 and 4.1 of the Virginia Rules of Professional Conduct.

10. Given the facts and circumstances described in the foregoing paragraphs, the $1,500 fee charged by Miller Law appears to be excessive.

11. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the motion are §§ 105 and 329 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. § 157(b)(2), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

12. As stated by Judge Stone:

> the authority of bankruptcy courts to require adherence to the applicable ethical obligations of the attorneys practicing before them is well established. As this Court noted in a joint decision signed by all three of its judges:
>
>> Bankruptcy courts are statutorily designated as "a unit" of the federal district courts and bankruptcy judges are declared to be "judicial officer[s]" of the district court by *28 U.S.C. § 151*, which provides as follows:
>>
>>> In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district. Each bankruptcy judge, as a judicial officer of the district court, may exercise the authority conferred under this chapter with respect to any action, suit, or proceeding and may preside alone and hold a regular or special session of the court, except as otherwise provided by law or by rule or order of the district court.
>>
>> It is part of the inherent authority of bankruptcy judges as judicial officers of the United States District Courts to regulate the practice of

>   attorneys permitted to practice before them. *See 11 U.S.C. § 105(a)* and *2 Collier on Bankruptcy* ¶ 105.04[7][b] at p. 84.4 - 84.6 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2005). *McGahren v. First Citizens Bank and Trust Co. (In re Weiss), 111 F.3d 1159, 1171 (4th Cir. 1997), cert. denied, 522 U.S. 950, 118 S. Ct. 369, 139 L. Ed. 2d 287 (1997)* ("A federal court also possesses the inherent power to regulate litigants' behavior and to sanction a litigant for bad-faith con-duct.", citing and quoting from *In re Heck's Properties, Inc., 151 B.R. 739, 765 (S.D.W.Va. 1992)* ("It is well-recognized, . . . quite apart from Rule 9011, that courts have the inherent authority to impose sanctions upon counsel who is found to have acted in bad faith, vexatiously, wantonly or for oppressive reasons."))
>
>   *In re Bowman,* Misc. Proc. No. 07-00701, slip op. at 12-13 (Bankr. W.D. Va. March 31, 2008), *aff'd, No. 7:08CV00339, 2010 U.S. Dist. LEXIS 62004, 2010 WL 2521441 (W.D. Va. June 21, 2010).*

*In re Circle T Pipeline, Inc.*, 2011 Bank. LEXIS 2490 \*\*39-40 (Bankr. W.D. Va. 2011).

WHEREFORE, the United States Trustee, by counsel, moves the Court to review the fee received by Miller Law Group, P.C. in this case and for such other and further relief as may be just.

| | |
|---|---|
| Date: August 7, 2015 | Respectfully submitted,<br>JUDY A. ROBBINS.<br>UNITED STATES TRUSTEE,<br>REGION 4 |
| Office of the U. S. Trustee<br>Department of Justice<br>First Campbell Square<br>210 First Street, Suite 505<br>Roanoke, VA  24011<br>margaret.k.garber@usdoj.gov<br>(540) 857-2806 | BY:    */s/ Margaret K. Garber* |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that a hearing on the forgoing Motion will be held September 14, 2015 at 2:00 p.m. in the United States Bankruptcy Court, Room 200, 255 West Main Street, Charlottesville, Virginia 22902.

## CERTIFICATE OF SERVICE

I certify that on August 7, 2015, I electronically filed the foregoing with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case.

*/s/ Margaret K. Garber*