## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

In re:
YOLANDA RENE MOSLEY-RIDLEY,    Chapter 7
    Debtor.    Case No. 14-60323

## ORDER

This cause came to be heard for continued hearings upon the United States Trustee's Motion to Review Attorney's Fees, ECF Doc. No. 19, and upon the Court's Order to Show Cause issued on December 23, 2015, ECF Doc. No. 28.

June 16, 2016, was a third continued hearing on the U.S. Trustee's motion to review the attorney's fees paid in this case to the Miller Law Group, P.C., and on the Court's show cause concerning sanctions against Larry L. Miller. Larry L. Miller and counsel for the United States Trustee appeared and informed the Court that they had come to an agreed resolution of the matter, the terms of which the parties represented to the Court. Specifically, counsel for the United States Trustee stated that as a sanction in connection with the concerns raised in the United States Trustee's motion, Mr. Miller and counsel for the United States Trustee agreed to the following: Mr. Miller consents to suspension of his CM/ECF privileges for 6 months; Mr. Miller will report the CLE attended since March and commits to attend the Mid-Atlantic Conference on Bankruptcy and Reorganization in September 2016; and Mr. Miller will report to the Court the enhanced procedures for obtaining wet signatures and written authorization for wet signatures on orders. After these statements, Mr. Miller stated that these terms represented his agreement. The Court directed the parties to submit an order endorsed by both parties reflecting the terms of the resolution as stated at the hearing.

On June 27, 2016, the Court received the proposed order. The order, however, did not require or acknowledge that Mr. Miller's CLE attendance is to be reported to counsel for the United States Trustee, did not require Mr. Miller to report to the Court his enhanced procedures for obtaining wet signatures and written authorization for wet signatures on orders, and did not reflect that the required tasks constituted the sanction in connection with the concerns raised in the motion. The Court therefore returned it to the parties for revision to reflect what was stated at the hearing, but then the Court revised the order. The Court revised the order to add that the order constitutes the sanction agreed to by the parties, that Mr. Miller shall report his CLE attendance to counsel for the United States Trustee, and that Mr. Miller shall file with the Court his report of enhanced procedures on obtaining wet signatures. The Court forwarded the revised order to the parties. The United States Trustee consented to entry of the revised order, but Larry L. Miller declined to agree to its entry.

Accordingly, the Court held a hearing on August 11, 2016, to consider entry of the proposed order. The notice setting the hearing attached the proposed order. If parties opposed entry of the order, they were to appear and explain why the order should not be entered. In addition, any party opposing the entry of the order was to present to the Court at the hearing an order reflecting the statements made at hearing on June 16, 2016, concerning resolution of the United States Trustee's motion for review of attorney's fees.

On August 11, 2016, the Court held the hearing at which Mr. Miller and counsel for the United States Trustee appeared. Counsel for the United States Trustee represented that the United States Trustee consented to entry of the order proposed by the Court. Mr. Miller stated that he opposed entry of the order, because it did not reflect the statements made at the June 16 hearing in one particular respect. The parties stated at the hearing on June 16 that Mr. Miller's

2

CM/ECF suspension was to start in July of 2016, yet the proposed order stated that the suspension shall occur 21 days after entry of the order. In addition, Mr. Miller explained that he had declined to approve or endorse the order because the proposed, redline order he had received via e-mail had his signature already on it when it was submitted to him.

After considering the statements made at the hearing on August 11, 2016, as well as statements made at previous hearings, and considering the record in this matter, it appears to the Court that it is appropriate to order the following terms. Accordingly, it is **ORDERED** as follows:

1. The CM/ECF filing privileges for United States Bankruptcy Court for the Western District of Virginia granted to Larry L. Miller shall be suspended for a period of six months commencing twenty one (21) days from the date of this Order for a period of one hundred eighty (180) days. After the 180-day suspension, Mr. Miller may apply to the Court to have these privileges reinstated.

2. Larry L. Miller shall report to the Office of the United States Trustee the Continuing Legal Education seminars attended since March 2016 and Mr. Miller shall attend the Mid-Atlantic Institute on Bankruptcy and Reorganization in September 2016.

3. The Miller Law Group will tender orders only upon receipt of actual signatures or written authorization from the signatories to the order, and Larry L. Miller shall file with the Court a report of the enhanced procedures for obtaining wet signatures and written authorization for orders. The report shall be filed with the Court in this case within fourteen (14) days of the date of this Order.

Copies of this order are directed to be sent to the debtor, Yolanda Rene Mosley-Ridley, 1539 Black Cat Rd., Keswick, VA 22947; debtor's counsel, Larry L. Miller, Miller Law Group,

3

P.C., 1160 Pepsi Place, Suite 341, Jordan Building, Charlottesville, VA 22901; the U.S. Trustee, Office of the United States Trustee, 210 First Street, Suite 505, Roanoke, VA 24011; and the chapter 7 trustee, William F. Schneider, P.O. Box 739, Lynchburg, VA 24505.

Entered:   8/15/16

_____
Rebecca B. Connelly
U.S. Bankruptcy Judge